

# THE ATTORNEY GENERAL

## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

May 26, 1967

Hon. Joe Resweber
County Attorney
Harris County
Houston, Texas

Opinion No. M- 79

Re: Sale of unclaimed and abandoned property under Article 18.30, Vernon's Code of Criminal Procedure.

Dear Mr. Resweber:

You have requested our opinion concerning the following questions:

1. Can Harris County legally enter into a contract with an auctioneer for the sale of unclaimed and abandoned personal property under Article 18.30, V.C.C.P.?

2. Can Harris County legally pay the expense of keeping unclaimed and abandoned property, and the costs of sale of such property?

3. Can the officer handling unclaimed or abandoned property under Article 18.30, V.C.C.P., require an owner, claiming such property after expenses have been duly incurred, to pay such expenses as a condition precedent to returning the property to the owner?

4. Is the officer handling unclaimed and abandoned property under Article 18.30, V.C.C.P., entitled to a fee for his services?

Article 18.30 of Vernon's Code of Criminal Procedure provides as follows:

"Sec. 1. All unclaimed or abandoned personal property except whiskey, wine and beer, of every kind, seized by a peace officer, which is not held as evidence to be used in any pending case and has not been ordered destroyed or returned to the person entitled to possession of the same by a magistrate, which shall remain unclaimed for a period of thirty (30) days shall be delivered to the purchasing agent of the county for sale. If the county has no purchasing agent then such property shall be sold by the sheriff of the county.

"Sec. 2. The purchasing agent or sheriff of the county, as the case may be, shall mail a notice to the last known address

-356-

of the owner of such property by certified mail. Such notice shall describe the property being held, give the name and address of the officer holding such property, and shall state that if the owner does not claim such property within six (6) months from the date of the notice such property will be sold and the proceeds of such sale, after deducting the reasonable expenses of keeping such property and the costs of sale, placed in the county treasury.

"If the owner of such property is unknown, or if the address of the owner is unknown then the purchasing agent or sheriff, as the case may be, shall cause to be published once in a paper of general circulation in the county a notice containing a description of the property held, the name of the owner if known, the name and address of the officer holding such property, and a statement that if the owner does not claim such property within six months from the date of the publication such property will be sold and the proceeds of such sale, after deducting the reasonable expense of keeping such property and the costs of sale, placed in the county treasury.

"Sec. 3. The sale of any property hereunder shall be preceded by a notice published once at least three weeks prior to the date of such sale in a newspaper of general circulation in the county where the sale is to take place, stating the description of the property, the names of the owners if known and the date and place that such sale will occur. If the purchasing agent or sheriff, as the case may be, shall consider any bid as insufficient he need not sell such property but may decline such bid and reoffer such property for sale.

"Sec. 4. The real owner of any property sold shall have the right to file a claim to the proceeds of such sale with the commissioners court of the county in which the sale took place. If the claim is allowed by the commissioners court the county treasurer shall pay the owner such funds as were paid into the treasury of the county as the proceeds of the sale. If the claim is denied by the commissioners court or if said court fails to act upon such claim within ninety (90) days, the claimant may sue the county treasurer in a court of competent jurisdiction in the county, and upon sufficient proof of ownership, recover judgment against such county for the recovery of the proceeds of the sale." Acts 59th Leg. 1965, vol. 2, p. 317, ch. 722.

Section 1 of Article 18.30, V.C.C.P., specifically provides that unclaimed or abandoned personal property ".... shall be delivered to the purchasing agent of the county for sale. If the county has no purchasing agent then such property shall be sold by the sheriff of the county." The purchasing agent or sheriff of the county has the responsibility for conducting the sale, but we perceive no valid reason why such officer may

not delegate his function to a professional in the field. It is our view that the commissioners court may not make this delegation, since the statute provides for the sale to be conducted under the control of a particular county officer. However, the purchasing agent or sheriff may hire a person to serve as auctioneer, under the direction and control of such designated officers, for abandoned or unclaimed property, with the customary compensation for such person to be paid from the proceeds of the sale.

With regard to your question as to whether the county may legally pay the expense of keeping unclaimed and abandoned property, and the costs of sale of such property, the statute itself requires the expenditure of county funds prior to the time any money can be realized from a sale. Further, storage, advertising and sales costs are continuing charges that must be paid when due. It is our opinion that the county may properly pay these costs, recovering them from the proceeds of the sale when it is conducted.

In answer to your third question, Article 18.30 V.C.C.P., does not provide for the collecting of the cost of storage, handling and publication from the owner of such property in situations where the property is claimed by its owner before sale. Article 47.09 V.C.C.P., provides for the collecting of such costs from the claimant of property seized by an officer and alleged to have been stolen, but if the property does not fit within that category, or unless such charges are authorized by other provisions of law, the purchasing agent or sheriff, as the case may be, must release the property without such charges until the Legislature authorizes such charges.

Article 18.30, V.C.C.P., does not provide for a fee to be paid to the purchasing agent or sheriff for his services pursuant to such Article. Therefore, the officers cannot lawfully charge a fee therefor.

### S U M M A R Y

1. Harris County is not authorized to contract for the services of a public auctioneer to sell items of unclaimed and abandoned property pursuant to Article 18.30, V.C.C.P., but the county officer authorized to make such sales may hire a person to conduct the auction in his behalf, and under his direction and control.

2. Harris County can legally pay the expense of keeping unclaimed and abandoned property and the costs of the sale of such property.

3. In answer to your third question, Article 18.30 V.C.C.P., does not provide for the collecting of the cost of storage, handling and publication from the owner of such property in situations where the property is claimed by its owner, before sale.

4.  An officer handling unclaimed and abandoned property under Article 18.30, V.C.C.P., is not entitled to a fee for such services.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by
Thomas W. Mack

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
W. V. Geppert, Co-Chairman
Harold Kennedy
Monroe Clayton
Malcolm Quick
Robert Owen

A. J. CARUBBI, JR.
Staff Legal Assistant